UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLEVELAND WINSTON KILGORE**  B.O.P. #09441-007 | : | **CIVIL ACTION NO. 2:15-cv-2063**  **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LORETTA LYNCH ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241[1] by petitioner Cleveland Winston Kilgore ("Kilgore"), an inmate in the custody of the Federal Bureau of Prisons. He is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### I.
#### BACKGROUND

Kilgore was convicted in the United States District Court of Maryland on September 28, 2006, by a jury on various counts of bank fraud, aggravated identity theft, and aiding and abetting for those offenses. *United States v. Kilgore*, 2007 WL 4022840, *1 (4th Cir. 2007). He was sentenced by that court to 149 months imprisonment, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on direct appeal. *Id.* at *1–*2.

---

[1] **Error! Main Document Only.**Title 28 U.S.C. §2241(c)(3) provides, in pertinent part, "The writ of *habeas corpus* shall not extend to a prisoner unless – He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

Kilgore filed the instant *habeas* petition challenging his confinement. He requests that the court issue a writ of *ad subjiciendum*[2] instructing the United States Marshal Service to bring him to court for a hearing on his writ application. Doc. 7, p. 5. Kilgore claims that he is an ambassador and is being detained on a non-existing offense in violation of his constitutional rights. *Id.* at 6. He also contends that his detention violates the Self-Executing Treaty, The Hague Convention, and the Vienna Convention. *Id.* at 7. As relief, Kilgore seeks immediate release from custody. *Id.* at 12.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the present case, Kilgore's claims clearly relate to alleged errors that occurred before or during sentencing and not to the manner in which his sentence is being executed. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief…shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court

---

[2] A writ of *habeas corpus ad subjiciendum* is a "writ directed to someone detaining another person and commanding that the detainee be brought to court.—Usu[ally] shortened to *habeas corpus*." BLACK'S LAW DICTIONARY (10th ed. 2014). *Habeas corpus* itself is defined as "a writ employed to bring a person before a court, most frequently to ensure that the person's imprisonment or detention is not illegal (*habeas corpus ad subjiciendum* )." *Id.* The two terms are thus interchangeable.

>   has denied him relief, unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A prisoner seeking such relief under the "savings clause" must therefore establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Kilgore's allegations are insufficient to invoke the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor does he show that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a motion to vacate. He has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 379 (5th Cir. 2003).

### III.
#### CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response thereto.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 14th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE